**ANDERSON-PRITCHARD OIL CORP.** et al. v. **BENEFIELD** et al.

No. 24341.   Opinion Filed May 31, 1933.

54

Pierce, Follens & Rucker, for petitioners.

Leo J. Williams and M. J. Parmenter, for respondents.

McNEILL, J. In this case an injured employee sustained a compensable injury on December 29, 1931. On April 28, 1932, the employer and its insurance carrier filed a motion with the Industrial Commission setting forth that the temporary total disability of respondent ended on or about April 15, 1932, and that compensation payments had been made by petitioners covering the temporary total disability of respondent. Petitioners set forth in their motion that respondent claims to have sustained some permanent disability as result of said injury, which petitioners denied and prayed that the Commission set the matter down for hearing to require respondent to prove and show his right to any further payments of compensation.

After the hearing, the Commission on July 2, 1932, entered its order and award finding that claimant was temporarily totally incapacitated from December 29, 1931, to April 15, 1932, by reason of the injury which he had received to his head, ears, back, and legs as result of being blown 60 feet in a gas explosion. The Commission also found that respondent was entitled to resumption of payments for compensation and further medical treatments to commence on April 15, 1932, and to continue until the further order of the Commission. On September 17, 1932, petitioners filed another motion before the Commission setting forth that they had complied with the order of the Commission entered on July 2, 1932; that they had paid compensation to and including September 2, 1932. Petitioners requested the Commission to set the matter down for hearing and to require respondent to prove his right to any further compensation beyond September 2, 1932.

After a hearing the Commission overruled petitioners' motion to suspend payments of compensation, and entered an order requiring the petitioners to resume payments at the same rate heretofore ordered until otherwise ordered by the Commission. Petitioners commenced their proceedings in this court to review this order.

On May 8, 1933, counsel for respondent filed in this court a confession of error, setting forth therein that at the last hearing before the Commission, Dr. J. T. Martin was the only witness to testify, and that his testimony was that respondent was able to perform light work. Upon this testimony respondent confesses error in the Commission's finding that respondent at the time of the last award was still temporarily totally disabled. The record reasonably supports the confession of error filed herein. In the light of this record, the award is vacated and set aside and the cause remanded to the Commission for further proceedings.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, BAYLESS, OSBORN, and BUSBY, JJ., concur. WELCH, J., absent.