DEVONIAN OIL CO. et al. v. WILSON et al.

No. 24175. April 3, 1934.

Pierce, Follens & Rucker, for petitioners.

Johnson & Jones, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

PER CURIAM. This proceeding was begun October 20, 1932, by the filing of a petition to review an award made to Frank P. Wilson, respondent herein, on the 19th day of November, 1931, and thereafter modified in respect to compensation granted on the 23rd day of September, 1932.

Petitioners herein have filed brief in which they complain of the order and award for the reason that there was insufficient testimony to support the award and order of payments made. No brief was filed on behalf of respondent, and on March 6, 1934, this court ordered the Attorney General to file answer brief on behalf of the State Industrial Commission within 20 days from date. Thereafter, on March 9th, the Attorney General filed a confession of error in this proceeding, which is in the following words:

"Come now the respondents Frank P. Wilson and the State Industrial Commission, by their respective attorneys of record herein, and herewith confess that error was committed by the State Industrial Commission in the above-entitled cause, as alleged in specifications 3 and 5 of the petition in error filed herein, and said respondents consent that this court may reverse said judgment and remand this cause for a new trial.

"Said respondents state that the findings of fact contained in the order complained of are not reasonably supported by sufficient competent evidence, for the reason that the State Industrial Commission inadvertently rendered its final award herein prior to the time claimant, Frank P. Wilson, had introduced all of the evidence then available to him; that the said Frank P. Wilson expected to introduce additional evidence before the State Industrial Commission rendered its final order and award herein.

"Wherefore, said respondents ask that this cause be remanded to the State Industrial Commission for a hearing."

In the case of Anderson-Pritchard Oil Corp. v. Benefield, 164 Okla. 53, 22 P. (2d) 912, this court held in the syllabus:

"Where an injured employee has sustained a compensable injury, and at the time of the hearing was awarded compensation for temporary total disability, the employer to continue to pay weekly compensation therefor until otherwise ordered by the Commission, and thereafter said employee files in this court a confession of error to the effect that he is able to do light work, held, that when the record reasonably tends to support such confession of error, the award will be vacated and set aside and the cause remanded to the State Industrial Commission for further proceedings."

We have reviewed the record in this cause, and it reasonably supports the confession of error filed herein.

The award is therefore vacated and set aside, and the proceedings remanded, with directions to the State Industrial Commission for further proceedings.